IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON

| | |
|---|---|
| IN RE: | CASE NO. 04-53061 |
| VICTORIA ELDER | ADVERSARY NO. _____ |
| Debtor | IN PROCEEDINGS UNDER CHAPTER 7 |
| HAROLD A. CORZIN, TRUSTEE<br>304 N. Cleveland-Massillon Road<br>Akron, OH 44333 | JUDGE MARILYN SHEA-STONUM |
| Plaintiff | |
| vs. | |
| | COMPLAINT |
| VICTORIA ELDER<br>2565 Newton Street<br>Akron, OH 44305 | |
| and | |
| KEITH ELDER<br>2565 Newton Street<br>Akron, OH 44305 | |
| Defendants | TYPE: FRAUDULENT TRANSFER |

Now comes the plaintiff, Harold A. Corzin, by and through his attorney, and, for his cause of action against the defendants, Victoria Elder and Keith Elder, states as follows:

### I - JURISDICTION AND PARTIES

1. This court has jurisdiction over the within adversary proceeding pursuant to 28 USC section 1334 and 28 USC section 157 and the claim set forth herein is a core proceeding within the meaning of the United States Bankruptcy Code or, alternatively, is a proceeding otherwise related to this proceeding.

2. The plaintiff, Harold A. Corzin, Trustee, is the duly appointed, qualified, and acting trustee for the debtor, Victoria Elder, having been selected trustee pursuant to designation of the United States Trustee on or about the 26th day of May, 2006.

3. The defendant, Victoria Elder, is an individual residing in the City of Akron, Summit County, Ohio, and the debtor in the within proceeding, having filed a petition seeking relief under Chapter 13 of the United States Bankruptcy Code on or about the 3rd day of June, 2004 which was thereafter converted to a proceeding under Chapter 7 of the United States Bankruptcy Code on or about the 26th day of May, 2006.

4. The defendant, Keith Elder, is, on information, knowledge, and belief, the spouse of the debtor, Victoria Elder, and therefore related within the third degree by consanguinity or affinity and an insider within the meaning of the laws of the state of Ohio.

## II - FIRST CLAIM FOR RELIEF

5. The trustee, as of the commencement of the case and without regard to any knowledge of the trustee or of any creditor, has the rights and powers of or may avoid any transfer of property of the debtor that is voidable by a creditor that extends credit at the time of the commencement of the case to the debtor and that obtains a judicial lien or an unsatisfied execution at such time and may avoid the transfer of the interest in property that is voidable under applicable law by a creditor holding an unsecured claim allowable under section 502 of the United States Bankruptcy Code.

6. On information and belief, the defendant, Victoria Elder, came into possession of property, constituting property of the estate, on or about 2006.

7. On or about January, 2007, on information and belief, the defendant, Victoria Elder transferred such property to the defendant, Keith Elder.

8. That such transfer was made without the debtor receiving a reasonably equivalent value in exchange for the transfer and was made at a time when the debtor was insolvent or the debtor was rendered insolvent by virtue of such transfer.

9. That such transfer is avoidable under the Ohio Uniform Fraudulent Transfer Act.

## III - SECOND CLAIM FOR RELIEF

10. That the plaintiff has the rights as set forth above.

11. That, in 2006, the defendant, Victoria Elder, came into possession of property that was property of the estate.

12. That the defendant, Victoria Elder, did transfer such property to the defendant, Keith Elder.

13. That such transfer was made with actual intent to hinder, delay, or defraud creditors of the debtor, Victoria Elder.

14. That the transfer was made to an insider, the debtor retained possession or control of the property transferred after the transfer; the transfer was concealed; the transfer was of substantially all of the assets of the debtor; the debtor had been sued or threatened with suit; the debtor concealed the assets; the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred; the debtor was insolvent or became insolvent after the transfer was made and as a result of the transfer; and the transfer occurred shortly before a substantial unsecured debt was incurred or contemplated to be incurred as a result of a foreclosure of the debtor's residence and shortly before a substantial debt was incurred in the form of an unsecured obligation owing to a mortgage holder arising as a result of a foreclosure proceeding.

15. That such transfer is avoidable under the Ohio Uniform Fraudulent Transfer Act.

WHEREFORE, plaintiff prays that this court enter its judgment in an amount equal to the value of the asset at the time of the transfer against both defendants; that a constructive trust be imposed upon any property acquired by the defendants, or either of them; that the transfer be avoided to the extent necessary to pay the claims of the creditors of this estate, as well as all administrative fees and expense, including attorney fees incurred in or in connection with the prosecution of the within proceeding; for his costs herein incurred; and for such other and further relief as is just and proper.

GIBSON & LOWRY

/s/ Michael J. Moran
Michael J. Moran (#0018869)
Attorney for Plaintiff
234 Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44222
(330) 929-0507
(330) 929-6605 - Fax
moranecf@yahoo.com